It appears from a copy certified by the clerk of the Superior Court of Jackson county, to be a full and true transcript of all the papers in his office, and of all the orders and proceedings in the court, in the suit of Jonathan Sulcer against Edwin Lewis; that the said Sulcer drew his petition, not directed to any particular person, complaining, that while he was possessed fand had the right of possession of a tract of land in Jackson county, on the west side of the Pascagoula river, commonly called Sulcer’s Bluff, the said Lewis made an unlawful and forcible entry upon the premises, and unlawfully and forcibly detained the same from said Sulcer; and praying that process might issue, to compel the said Lewis to appear and answer the complaint of said Sulcer, &c. and that a jury might be summoned &c. Upon this petition, George Davis, a justice of the peace for Jackson county, issued a precept, commanding the sheriff to summon the said Lewis to appear and answer the said Sulcer, &e. and also a venire facias, for a jury. The summons was returned duly executed, but there was no return of the sheriff upon the venire facias. On the return day of said process Lewis appeared before the justice, and moved to quash the complaint of Sulcer, for sundry reasons, which the justice 'deemed insufficient, and overruled the motion.
The defendant then pleaded he was not guilty of the forcible entry and detainer, as set forth by the plaintiff in his complaint. A jury .of twelve men was then empannelled and sworn, but one of the men returned on original panel by the sheriff, being deemed by the justice an improper *22 juror, was discharged, and a talesman was returned and sworn in his-place. During the progress of the trial, Sulcer offered to prove by several witnesses, that one Alexander Durant was in possession. of the premises-in the spring of the year 1810, and then and there sold all his right and1 title thereto, to the said Sulcer, for three hundred dollars; that the con-, veyance from Durant to Sulcer was in writing, which conveyance was-not produced,, and'Sulcer was put into possession of the premises, by Durant, and continued in the possession, until the fall of the year 1810. Lewis objected to the admission of this testimony, as irrelevant to the issue, and wholly incompetent, as being an attempt to prove a sale and. conveyance of land by parol. The justice overruled.! Lewis’s objections,. and permitted the testimony to go to the jury. To which opinion of the justice, Lewis filed his bill of exceptions, which was signed and sealed by the justice. The jury found Lewis guilty. The verdict was given June 20th, 1814. Lewis thereupon applied to the Hon. H. Toulmin, judge of the Superior Court of said county of Jackson, for a writ of certiorari, to the justice, which was granted, returnable to the August term of said court.. It does not appear-that the justice certified the judgment &c. as commanded by the said writ of certiorari; but Sulcer, on the 24th of August, 1814, moved the Superior Court of Jackson county, to. quash the said writ of certiorari, which motion was on argument sustained, and the writ of certiorari quashed. On the same day, Lewis filed a petition for another-writ of certiorari, which, upon argument in open court, was granted. It does not appear that a second writ of certiorari was issued,..except by the bond which was executed by Lewis and his security, on the 25th of August,, to pay and satisfy all such damages, &c.asthe said Sulcer might sustain from the wrongful suing out of said writ of certiorari. On the 25th of' August, 1814, a jury was empannelled and sworn, in the Superior Court of Jackson county, who found the said Lewis guilty of a forcible entry and detainer; upon which verdict, the court rendered judgment, and awarded a wñrit of restitution. In a list of the witnesses^ sworn and examined for Sulcer .on the last trial, annexed to the copy of the record,, is found the name of Jonathan Sulcer.
To reverse the judgment of the Jackson Superior Court, Lewis applied for and obtained a writ of error, with supersedeas, and assigned the following errors, to wit:
*23 1. There was no return made to the writ of certiorari by the justice ot ‘the peace, nor any certified records by said justice, on which any judgment could be given.
2. There was no record before the court, on which any judgment could be given.
3. If any record" was before the court on which any judgment could be given, the judgment of the court was erroneous, and given against the said Edwin, when by the laws of the land the judgment ought to have been ■given in his favor.
4. There was no issue of record before the court or jury.
5. The plaintiff Jonathan Sulcer was sworn as a witness in his own cause, as appears of record.
6. After the judge of the court granted an order for a second certiorari, on the 24th of August 1814, he immediately had a jury empannelled and sworn, to try the cause, without giving time and without any writ of certiorari being returned into the court by the justice of the peace, George Davis, or any record of his proeeedings being certified into court as the ■law requires.
7. There was a certiorari allowed on the 24th of August, 1814, which was not executed and returned, nor the record certified by the justice of the peace, as required by law.
8. The judgment of the court was erroneous, illegal and oppressive.
■ Errors committed by Justice Davis, if the record could be taken notice' oij without any certificate or return:
2.-.There was no estate set forth, in the complaint of Sulcer, by which he could have any right of possession, as is required by statute. Vide Dig. 278.
2. The time of trial was not the same time stated in the summons.
3. The evidence admitted by the justice was illegal, agreeably to bil of exceptions, by admitting oral testimony, to prove a purchase and sale which was in writing, as appears by the record, and was not such evidence as to prove the issue of forcible entry and detainer.
4. The complaint of Sulcer is not directed or addressed to George Davis, or any other justice of the peace.
5. There is no return of the venire, on the record, and a juror was *24 rejected without any cause assigned, and another summoned who was not a lawful juror.
6. The said George Davis, justice of the peace, did not record, as required by the ninth section of the act, his judgment, and the admission of evidence objected to; and the rejection of evidence offered; the reason of such admission or rejection, and all the proceedings had before him, .touching the said complaint. ,
Judgment reversed, writ of habere facias possessionem awarded.